## Dwight, Syndic, v. Smith, Tutor.

The claim of one whose occupation is that of a school-master, for the board and lodging of
pupils, is prescribed by one year, under art. 3499 of the Civil Code.

APPEAL from the District Court of St. Mary, *Voorhies*, J. *Dwight*, ap-
pellant, *pro se*. *Splane*, for the defendant. The judgment of the court
was pronounced by

SLIDELL, J. The items of the bill upon which the plaintiff sues, are for
the board and tuition, and advances of money for the use, of certain minors,
the nephews of *Roberts*, the insolvent. The items for board and tuition were
rejected by the court below, as barred by prescription.

It is urged that the item for board was improperly subjected to the prescrip-
tion of one year. The argument of the appellant is, that *Roberts* was not an
inn-keeper, and that therefore the claim does not fall within article 3499 of the
Code. The language there used is: " That of inn-keepers and such others,
on account of lodging and board which they furnish." It is true that the occu-
pation of *Roberts* was that of a school-master and not of an inn-keeper; but the
nature of the service charged for, the boarding of the minors, falls within the
literal terms of the Code ; and, in view of the expression "such others," may
be fairly taken as the test of the prescription applicable to the case. By
taking persons to board with him for hire, *Roberts* assimilated himself to an
inn-keeper. We cannot reconcile, either with the letter or the spirit of the
Code on the subject of prescription, the pretention of the appellant that a
claim of such a character is barred only by ten years.

The court below also properly rejected an item for travelling expenses in-
curred by *Roberts*, the uncle, on a journey of affection and kindness in quest
of one of the minors. It resulted in no advantage to the minor, and was not
made at the request of his tutor; nor, as we believe, with any expectation at
the time of reimbursement.                               *Judgment affirmed.*